**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4382**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

DESHAWN X. HOLLAND,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.    John A. Gibney, Jr., District Judge.  (3:11-cr-00208-JAG-1)

Submitted:  May 31, 2013                    Decided:  June 6, 2013

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles D. Lewis, Richmond, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deshawn X. Holland appeals his convictions following his guilty plea to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and his convictions following a bench trial of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006). On appeal, Holland argues that the district court erred in denying his motion to suppress evidence found subsequent to an allegedly illegal seizure. Finding no error, we affirm.

Holland did not appear to be engaged in illegal activity when Detective Bridges and Officer Custer of the Richmond City Police Department observed him walking on the sidewalk of North 26th Street. The officers began following Holland, known to them as a felon, on foot and asked him questions. Holland did not respond and continued to walk away from the officers into an alley and eventually into the backyard of 908 North 27th Street. Officer Custer followed Holland into the backyard, and Detective Bridges remained in the alley. Holland began walking to the front yard, towards North 27th Street, but returned to the backyard upon seeing two other

2

police officers pull their vehicle to the side on North 27th Street and one of those officers walk into the backyard of 908 North 27th Street.

Holland next jumped a fence out of the backyard of 908 North 27th Street and fell to the ground. As Holland pushed himself off of the ground, Officer Custer observed in Holland's jacket a heavy object, which he believed to be a firearm based on his training and experience. Officer Custer yelled out "he has got it," and Holland began running. Holland initially ran toward Detective Bridges in the alley, Bridges yelled "Mr. Holland" or "don't," and Holland began running in the other direction. Detective Bridges chased Holland and saw him drop a firearm. Detective Bridges ultimately apprehended Holland, and the officers retrieved the firearm and found approximately eight grams of cocaine base and $188 in cash on Holland.

The district court denied Holland's motion to suppress, explaining that, while there were multiple officers around Holland when he was in the backyard of 908 North 27th Street, none of the officers told Holland that he had to stop or that he was under arrest. The district court concluded that Holland was not seized until he was apprehended by Detective Bridges, which occurred after Holland dropped the firearm. Following the denial of his motion to suppress, Holland pled

guilty to, and was convicted of, the drug and firearms offenses charged in the indictment.

On appeal, Holland argues that, when the officers followed him into the backyard of 908 North 27th Street while continually asking him questions and positioning themselves around him to prevent his escape, a reasonable person would not have felt free to leave and that he was unlawfully seized in the backyard. When considering the denial of a motion to suppress, we review the district court's legal determinations de novo and its factual determinations for clear error. United States v. Black, 707 F.3d 531, 537 (4th Cir. 2013). "[B]ecause the district court denied [the defendant's] motion to suppress, we construe the evidence in the light most favorable to the Government on appeal." United States v. Bumpers, 705 F.3d 168, 175 (4th Cir. 2013) (internal quotation marks omitted).

While "police may approach an individual on a public street and ask questions without implicating the Fourth Amendment's protections," such an encounter "may, . . . at some unspecified point, cross the line and become an unconstitutional seizure." United States v. Weaver, 282 F.3d 302, 309 (4th Cir. 2002). An unconstitutional seizure occurs when a police "officer, by means of physical force or show of authority, terminates or restrains [an individual's] freedom of movement." Brendlin v. California, 551 U.S. 249, 254 (2007) (internal

4

quotation marks omitted).  Such a seizure occurs "only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave."  United States v. Mendenhall, 446 U.S. 544, 554 (1980).[*]  We consider the totality of the circumstances and look to the specific following factors:

> "(i) the number of police officers present at the scene; (ii) whether the police officers were in uniform; (iii) whether the police officers displayed their weapons; (iv) whether they touched the defendant or made any attempt to physically block his departure or restrain his movement; (v) the use of language or tone of voice indicating that compliance with the officer's request might be compelled; (vi) whether the officers informed the defendant that they suspected him of illegal activity rather than treating the encounter as routine in nature; and (vii) whether, if the officer requested from the defendant . . . some form of official identification, the officer promptly returned it."

Black, 707 F.3d at 537-38 (internal quotation marks omitted).

In considering the totality of the circumstances, we conclude that, for purposes of the Fourth Amendment, Holland was

---

[*] The Government argues that, in determining whether a seizure occurred, we should apply the "force or submission" standard set forth in Hodari D. v. California, 499 U.S. 621, 626 (1991) (holding that "[a]n arrest requires either physical force . . . or, where that is absent, submission to the assertion of authority").  The Government contends that, because Holland never submitted to a show of authority, there was no seizure. However, because we conclude that the officers' actions here did not demonstrate an "unambiguous intent to restrain" Holland, Mendenhall, as opposed to Hodari D., applies.  See Black, 707 F.3d at 537-38 n.3 (detailing standard for determining whether to apply Mendenhall or Hodari D.).

not seized in the backyard of 908 North 27th Street. First, the officers did not physically touch Holland and, contrary to Holland's assertions on appeal, did not physically restrain his movement. When the officers began following Holland on North 26th Street, they maintained a distance of ten to thirty feet, and, when Holland entered the alley, they maintained a distance of twenty to thirty feet. Further, when Holland jumped the fence out of the backyard of 908 North 27th Street, Officer Custer was ten to twenty feet away from Holland. See generally United States v. Gray, 883 F.2d 320, 323 (4th Cir. 1989) (finding no seizure when officers "made [no] attempt to restrain [the suspect's] movement, but instead walked with him as he moved through the airport towards the exit"). Additionally, there was no evidence demonstrating that the other officers restrained Holland's movement when they pulled their marked vehicle to the side of North 27th Street as Holland was approaching the front yard of 908 North 27th Street. To the contrary, the additional officers were there "to have eyes on [Holland]" and were not there to "contain" Holland. See generally Michigan v. Chesternut, 486 U.S. 567, 575 (1988) (finding no seizure of pedestrian when there was no evidence that police "operated the car in an aggressive manner to block respondent's course or otherwise control the direction or speed of his movement").

6

As the district court noted, the officers neither directed Holland to stop nor stated that he was under arrest. Rather, the officers asked Holland conversational questions, to which Holland did not respond, such as whether they could speak with him, how he was doing, where he had been, when he got back to town, and whether he lived in the area. The only question that indicated the officers suspected Holland of criminal activity was whether he was carrying any firearms. However, there was nothing in the record demonstrating that the officers' questions or tone of voice indicated that Holland had to stop and respond to the officers. While Detective Bridges testified that he talked "somewhat loud[ly]," he also testified that he did so "[i]n order to be heard" and that, at the time, he was thirty feet away from Holland, who continued walking away from the officers. Cf. United States v. Wilson, 953 F.2d 116, 123 (4th Cir. 1991) (holding that seizure occurred when "officer's prolonged and persistent questioning after the suspect had conveyed an unequivocal unwillingness to engage in further conversation with the officer").

Turning to the remaining Mendenhall factors, the officers never requested any identification from Holland. Additionally, Detective Bridges and Officer Custer were in uniform and in a marked vehicle, and two additional police officers later came to the scene on North 27th Street in a

7

marked vehicle. However, there is nothing in the record to indicate that any of the officers displayed their weapons, activated their sirens, or commanded Holland to stop. Accordingly, looking to the totality of the circumstances, we conclude that a reasonable person would have felt free to continue in their normal course of movement. Further, we conclude that the district court properly determined that, once Detective Bridges observed Holland, a known felon, drop the firearm, the officers had probable cause to arrest Holland. See United States v. Humphries, 372 F.3d 653, 657-58 (4th Cir. 2004) (stating that probable cause to arrest exists when officer has "reasonable ground for belief of guilt that was particularized with respect to the person to be . . . seized") (internal quotation marks omitted).

Accordingly, the district court properly denied the motion to suppress, and we affirm the court's judgment. We deny Holland's motion to file a pro se supplemental brief and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

8